**Opinion filed September 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00249-CV

_____

## BRITTANY MCNUTT, Appellant

## V.

## BHAKTA-BCP MANAGEMENT, LLC, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CV1209316A**

### M E M O R A N D U M   O P I N I O N

Brittany McNutt sued Karan Kalpeshbhai Desai; Bhakta-BCP Management, LLC; and LaQuinta Inns, Inc. for damages suffered by McNutt when her supervisor, Desai, sexually assaulted her. Bhakta filed a motion to dismiss in which it alleged that the trial court did not have jurisdiction over McNutt's claim for negligent hiring, supervision, training, control and retention in connection with Desai's employment because the claim should have been brought under the Texas Commission on Human

Rights Act and because McNutt failed to exhaust her remedies under the Act.[1] McNutt countered that she could bring her claim outside the TCHRA and was not required to exhaust remedies under the Act because her claim was not for sexual harassment and because Bhakta was not an employer as defined by TCHRA. After a hearing, the trial court agreed with Bhakta and dismissed McNutt's claim against it. The trial court subsequently severed that claim from the claims against the other defendants, and the judgment in favor of Bhakta became final. We affirm.

In her original petition, McNutt asserted that Desai sexually assaulted her "when he grabbed her, took her to the ground, attempted to remove her clothing and attempted to sexually assault her." She further alleged in her original petition that Bhakta (and others not involved in this appeal) owed to its female employees "a legal duty to hire, supervise, train and retain competent employees and to take appropriate action when an employee is manifesting and displaying improper and sexually charged conduct and harassment towards his subordinate employees." She also maintained that Bhakta was "continually made aware and knowledgeable of the improper and sexually charged conduct and harassment manifested and displayed by . . . Desai against the female employees working under [him]." Further, McNutt alleged that Bhakta "failed to terminate . . . Desai and/or take prudent action to prevent the improper actions, conduct and sexual harassment."

As a result of Bhakta's failure to act, McNutt pleaded, Bhakta breached its duty owed to her. McNutt claimed that the breach resulted in more aggressive behavior by Desai and finally led to McNutt's sexual assault.

---

[1] In *Waffle House*, the Texas Supreme Court noted: "Courts have referred to Chapter 21 of the Labor Code as the Texas Commission on Human Rights Act (TCHRA or CHRA); however, the Commission on Human Rights has been replaced with the Texas Workforce Commission civil rights division. *See* TEX. LAB. CODE § 21.0015." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 798 n.1 (Tex. 2010). As did the court in *Waffle House*, we will use "TCHRA," "Chapter 21," and "the Act" interchangeably.

2

McNutt subsequently filed a "First Amended Original Petition." The claims against Desai, personally, remained the same as in McNutt's original petition. As to the other defendants, McNutt deleted almost all references to herself in her amended petition as a named victim of any sexually charged conduct or sexual harassment from Desai up until the time that he actually sexually assaulted her. She then pleaded that the sexually charged conduct and harassment about which she complained was directed against other employees. Otherwise, the claims for negligent hiring, supervision, training, control, and retention remained the same in the amended petition as in the first.

We confine our review to the allegations contained in the amended petition. The general rule is that a substitute instrument takes the place of and supersedes the original pleading and that the original pleading shall no longer be regarded as part of the pleadings in the case. *In re V.L.T.*, No. 11-04-00090-CV, 2005 WL 1540205, at *1 (Tex. App.—Eastland June 30, 2005, no pet.) (not designated for publication).

McNutt presents two issues for our review. We first review McNutt's assertion in her second issue on appeal that Bhakta was not an employer as defined in the Act. The term "employer" means, among other things not relevant here, "a person who is engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." TEX. LAB. CODE ANN. § 21.002(8)(A) (West 2015).

At the hearing on the motion to dismiss, Brian Sweeten was the only witness who testified. As an employee of Bhakta, Sweeten testified to facts that would bring Bhakta within the definition of "employer." There was no contrary testimony. We overrule McNutt's second issue on appeal.

The Texas Supreme Court's opinion in *Waffle House* instructs us in the disposition of McNutt's first issue on appeal in which she argues that her claim was not subject to the TCHRA. There, Williams alleged that she was sexually harassed

3

by a coworker. In its opinion, the court detailed the specifics of the harassment that was directed at Williams over a period of time. She reported the conduct to management and claimed that nothing was done about the harassment. As a result, she finally had to quit her job at Waffle House. *Waffle House*, 313 S.W.3d at 799–800.

Williams sued the coworker for a battery that arose when he touched her in a sexually offensive manner. She also included Waffle House in the lawsuit and asserted a claim against it for negligent supervision and retention of the coworker. She later nonsuited the coworker and went to trial on the claim against Waffle House. After Williams had received favorable findings from the jury on her common law claims of negligent supervision and retention, the jury awarded Williams the sum of $425,000 in damages and $3.46 million in punitive damages. *Id.* at 800–01.

On appeal, Waffle House argued that Williams's claims for negligent supervision and retention were not viable claims because the TCHRA provided "the exclusive remedy for workplace sexual harassment." *Id.* at 801–02. The Texas Supreme Court agreed. The court noted that there was no common law cause of action for sexual harassment; the claim was solely a creature birthed by statute. *Waffle House*, 313 S.W.3d at 811; *see* LAB. §§ 21.001(1), 21.051. Sexual harassment is a recognized claim under the TCHRA; it is a form of prohibited employment discrimination. *Waffle House*, 313 S.W.3d at 804; *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004);

In *Waffle House*, Williams argued that she should be able to recover under a theory of negligent supervision and retention since she proved an underlying assault by her coworker and since she also proved the other elements of the common law cause of action. *Waffle House*, 313 S.W.3d at 804. The court disagreed. To allow "Williams to recover on her tort claim would collide with the elaborately crafted statutory scheme, a scheme that . . . incorporates a legislative attempt to balance

4

various interests and concerns of employees and employers." *Id.* The court pointed to the many differences between a general common law claim and a specific statutory claim for harassment: (1) exhaustion of remedies required under the statutory scheme; (2) differences in computation of limitations period; (3) differences in the substantive elements of the statutory claims as compared to those lesser elements involved in a common law claim; (4) certain affirmative defenses that are available in connection with statutory claims; and (5) differences in available remedies and limits on recovery. *Id.* at 804–07. The "meticulous legislative design is circumvented when a plaintiff brings a common-law cause of action for conduct that is actionable under the TCHRA." *Id.* at 805.

"[I]f 'the gravamen of the plaintiff's complaint is for sexual harassment, the plaintiff must proceed solely under a statutory claim unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim . . . .'" *Id.* at 808 (quoting *Zeltwanger*, 144 S.W.3d at 441).

Here, the gravamen of McNutt's complaint is sexual harassment that culminated in her being assaulted. That core complaint was not changed when McNutt amended her petition and claimed that only other employees had been sexually harassed by Desai but that she, personally, had not been the victim of sexual harassment until the time of the sexual assault. Her pleaded cause of action continued as a common law one for negligent hiring, supervision, training, control, and retention as they related to Desai. As pleaded in this case, McNutt could not sustain that cause of action in the absence of the sexual harassment allegations contained in her amended petition; those sexual harassment allegations are intertwined with her common law complaints of negligent hiring, supervision, training, control, and retention. Therefore, because those complaints are grounded in, and intertwined with, her sexual harassment allegations, they are preempted by the comprehensive remedial scheme of the TCHRA. McNutt has alleged no facts

unrelated to sexual harassment and independent of sexual harassment that would support her common law claim of negligent hiring, supervision, training, control, and retention. Her exclusive remedy was under the TCHRA. The trial court did not err when it dismissed McNutt's claim against Bhakta. McNutt's first issue on appeal is overruled.

The order of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


September 30, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6